# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| HERMAN M. GRIFFIN, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No. 1:10-cv-1314-SEB-DML |
| | ) |
| MR. DAVIS, Dentist, | ) |
| | ) |
| Defendant. | ) |

### Entry Granting Motion for Summary Judgment

Herman M. Griffin ("Mr. Griffin") was formerly incarcerated at the New Castle Correctional Facility. Mr. Griffin claims that while he was at that facility Dr. Laurence Davis, a dentist, violated Mr. Griffin's Eighth Amendment rights under 42 U.S.C. § 1983. Specifically, Mr. Griffin alleges that Dr. Davis was deliberately indifferent to his medical needs by not using "numbing gel" during his tooth extraction and by not prescribing antibiotics following the extraction. Dr. Davis seeks resolution of Mr. Griffin's claim through the entry of summary judgment in his favor.

Having considered the pleadings, the motion for summary judgment, the response to such motion, Dr. Davis' reply, and the evidentiary record, and being duly advised, the court finds that the motion for summary judgment [21] must be **granted**.

### Discussion

The motion for summary judgment in this action, as with any such motion, must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." A*nderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 127 S. Ct. 1769, 1776 (2007). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,*

477 U.S. 317, 323 (1986). "[T]he burden on the moving party may be discharged by 'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

In this case, Dr. Davis has met that burden through his unopposed motion for summary judgment. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."). By not responding to the motion for summary judgment, Mr. Griffin has acceded to Dr. Davis's version of the facts. *Brasic v. Heinemann's Inc.,* 121 F.3d 281, 286 (7th Cir. 1997). This is the result of Local Rule 56-1(h), of which Mr. Griffin was notified. This does not alter the standard for assessing a Rule 56 motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

In acting on a motion for summary judgment, "[t]he applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996). "Whether a fact is material depends on the substantive law underlying a particular claim and 'only disputes over facts that *might affect the outcome* of the suit under governing law will properly preclude the entry of summary judgment.'" *Walter v. Fiorenzo,* 840 F.2d 427, 434 (7th Cir. 1988) (citing *Anderson,* 477 U.S. at 248).

The pertinent constitutional claim in the present case is the Eighth Amendment's proscription against the imposition of cruel and unusual punishment. *Helling v. McKinney*, 509 U.S. 25, 31 (1993) ("It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.").

The Eighth Amendment imposes a duty on prison officials to provide medical care to inmates. *Vance v. Peters,* 97 F.3d 987, 991 (7th Cir. 1996), *cert. denied,* 520 U.S. 1230 (1997). In order for an inmate to state a claim under § 1983 for medical mistreatment or denial of medical care, the prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). Deliberate indifference exists only when an official "knows of and disregards an excessive risk to an inmate's health; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994) (construing *Estelle*). "A jury can infer deliberate indifference on the basis of a physician's treatment decision [when] the decision [is] so far afield of accepted professional standards as to raise the inference that it was not actually based on a medical judgment." *Arnett v. Webster,* 658 F.3d 742, 750-51 (7th Cir. 2011).

The undisputed factual record shows the following: On March 9, 2010, Dr. Davis saw Mr. Griffin for an extraction of a non-restorable tooth. In preparation for the extraction, Dr. Davis administered a 4% Articane injection to anesthetize Mr. Griffin's mouth. Dr. Davis does not use "numbing gel" or other topical anesthetic as it is not required and not overly effective. Following extraction of the non-restorable tooth, Dr. Davis prescribed Naprosyn for pain management. Dr. Davis did not prescribe Mr. Griffin an antibiotic as he did not display any symptoms of an active systemic infection following the extraction. In addition, Dr. Davis does not prescribe prophylactic antibiotics because research suggests that overuse of antibiotics is the leading cause of bacteria developing a resistance to antibiotics. By removing the non-restorable tooth, Dr. Davis removed the infection which appeared limited to just that tooth. Additionally, Mr. Griffin never sought a post-operative appointment with Dr. Davis regarding the extraction procedure or area.

In these circumstances, there was no violation of Mr. Griffin's federally secured rights and no reasonable jury could conclude otherwise. The evidentiary record negates the presence of the subjective state of mind required to show deliberate indifference, *i.e.,* that Dr, Davis was "subjectively aware of [Griffin's] serious medical needs and disregarded an excessive risk that a lack of treatment posed to his health or safety." *Wynn v. Southward,* 251 F.3d 588, 593 (7th Cir. 2001). The dental care Dr. Davis rendered to Mr. Griffin was reasonable, appropriate, and within the standard of care. Dr. Davis properly anesthetized Mr. Griffin's mouth prior to the extraction, and by extracting the tooth, removed the infection. There is no evidence to the contrary. As noted above, a plaintiff must present sufficient evidence to establish a genuine dispute of fact on all essential elements of a claim in order to survive summary judgment. *Lewis v. CITGO Petroleum Corp.,* 561 F.3d 698, 702 (7th Cir. 2009). Mr. Griffin has not met his burden as a non-movant.

The motion for summary judgment [21] is **granted.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 01/06/2012

*[signature]*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana